# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>EASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| **ANTHONY LAMON FRAZIER,** | ) Case No. 1:21-cr-371-CLM-JHE |
|     *also known as* "Tony" | ) |
| **KELVIN JAMES DARK,** | ) |
|     *also known as* "KDigga" | ) |
| **CHARLEEN PORTER, and** | ) |
| **FREDERICK ANDRE SPENCER** | ) |

## <u>GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER</u>
## <u>CONCERNING SENSITIVE DISCOVERY MATERIAL</u>

Comes now the United States, by and through the undersigned, and pursuant to *Federal Rule of Criminal Procedure* 16(d)(1), and moves for a protective order concerning certain sensitive discovery material containing confidential information in this case. The Government shows the following grounds for this motion.

1.    The Indictment in this case charges the Defendants with various financial crimes, including but not limited to wire fraud, false statements on a loan application, filing false tax returns, structuring, and money laundering.

2.    The evidence in this case includes tax records and other financial records containing personal identifying information, including names, residential addresses, telephone numbers, dates of birth, social security numbers, drivers'

1

license numbers, and financial information, *i.e.*, Personal Identifying Information ("PII").

3.   The nature of the information and the way in which it overlaps with the charges in the case makes it impractical to redact each document. Much of the above-identified PII may be relevant to the Defendants' preparation of their case.

4.   Federal Rule of Criminal Procedure 16(d)(1) permits the Court to enter a protective order regulating the manner in which discovery is conducted.

5.   Given the nature of the discovery and the ongoing national emergency related to the COVID-19 pandemic, as well as the need to balance the Defendants' rights with the privacy interests of other individuals while using limited government resources, the Government requests that the Court enter a protective order pursuant to Fed. R. Crim. P. 16(d)(1) governing the disclosure and handling of the above-referenced documents and items. Specifically, the government requests that the Court order that defense counsel receiving documents and items as part of discovery in this case, including original discovery and any future discovery, be ordered not to make any additional copies of said documents and items, be ordered not to leave the originals or copies of the same with any individual or in any jail or correctional facility, and be ordered not to disclose the documents and items, any copies thereof, or the contents thereof to anyone other than the Defendants or any person necessary

for the preparation of the defense. Further, the government moves that defense counsel be directed, if they have any questions or seek modification of any Order issued pursuant hereto, to seek guidance or clarification from the Court.

6. Such a protective order would provide defense counsel and the Defendants with needed access to discovery while protecting sensitive PII.

WHEREFORE, the United States respectfully requests that the Court enter a protective order.

Respectfully submitted,

PRIM F. ESCALONA
United States Attorney

*/s/ Allison J. Garnett*
ALLISON J. GARNETT
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 10, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defense counsel.

>/s/ *Allison J. Garnett*
>ALLISON J. GARNETT
>Assistant United States Attorney