UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **ANTHONY LAMON FRAZIER, et al.,** <br>     Defendants. | Case No. 1:21-cr-371-CLM-JHE |

## ORDER

Defendants Anthony Lamon Frazier, Kelvin James Dark, Charleen Porter, and Frederick Andre Spencer are each charged in one or more counts of a 37-count indictment. (Doc. 1). Each defendant moved to sever at least one count of the indictment and for a separate trial on those counts. (Docs. 80, 84, 87 & 92). The magistrate judge has entered a report that recommends that the court deny the motions. (Doc. 99).

Dark and Spencer have timely objected to the magistrate judge's recommendation. (Docs. 101 & 105). For the reasons stated within, the court **OVERRULES** their objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation. So the court will **DENY** the motions to sever (docs. 80, 84, 87 & 92).

—

The 37-count indictment alleges four categories of crimes. In Counts 1–23, the government charges Frazier with money laundering. Counts 24–27 charge Frazier with the related crime of structuring. Count 29 alleges that Frazier committed money laundering by wiring funds to a Frazier Investments account. These charges all relate to funds Frazier deposited into either his Frazier Investments or Head of Game bank accounts. Count 28 charges Frazier, Dark, and Spencer with conspiring to commit wire fraud related to an

alleged scheme to defraud professional football player Q.W. Counts 30–34 charge Porter and Spencer with defrauding the Small Business Administration ("SBA") in applying for COVID-19 relief loans under the Paycheck Protection Program ("PPP"). Finally, Counts 35–37 charge Frazier with filing false tax returns for the years 2017, 2018, and 2019.

Dark's motion to sever asks the court to sever Count 28 from the other counts, asserting that this count—which is the only count he's charged in—isn't part of the same series of acts or transactions as those alleged in the other counts. (Doc. 80). Frazier's motion argues that the court should sever the counts into three trials: one for Counts 1–27 and Counts 35–37, one for Counts 28–29, and one for Counts 30–34. (Doc. 84). Porter contends that the court should sever Counts 30–34 from the other counts because she's not charged or connected with the conduct alleged in the other counts. (Doc. 87). Spencer argues that Counts 1–27, 29, and 35–37 are misjoined with the counts he's charged with because they are different in character from the conduct he's alleged to have committed. Spencer also argues that being tried with Frazier would prejudice him due to the potential of a spillover effect.

In response to these motions, the government proffered evidence that it said would show that joinder of the 37 counts in the indictment was proper. According to the government, Dark, Spencer, and Frazier were responsible for fraudulently persuading Q.W., a young professional athlete, to wire $500,000 into the Head of Game bank account, which he thought was being used to create his own sports agency. It's the government's theory that Frazier deposited drug trafficking proceeds into the Head of Game account to commingle them with the proceeds from Q.W. so that his businesses would look legitimate. And Porter and Spencer used these funds for their own personal benefit. Porter later listed the bank account where she and Spencer housed the funds from Q.W. in her allegedly fraudulent PPP loan application.

The magistrate judge found that the government's proffer sufficiently connected the charges, noting that there was a commingling of funds and that the government represented that most of the witnesses at trial would be the same because the same financial analysts and case agents analyzed the financial accounts and records at issue. So the magistrate judge recommended that the court deny the motions to sever. Dark and Spencer object to the

magistrate judge's report on Confrontation Clause and substantive grounds. The court will address each category of objection in turn.

### A. Confrontation Clause

Both Dark and Spencer assert that the magistrate judge's failure to hold an evidentiary hearing where they could confront the witnesses that the government used as a basis for its proffer violates their rights under the Confrontation Clause of the Sixth Amendment.

The Confrontation Clause provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend VI. This guarantee prohibits the admission of testimonial evidence when the defendant didn't have a previous opportunity to cross-examine the witness. *See United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011). But representations from attorneys aren't "testimony nor any other kind of evidence." *See id.* And the government's representations about what the evidence will show is like the nontestimonial statements attorneys make during opening and closing arguments. *See id.* (holding that attorney's statement during closing didn't violate the Confrontation Clause). So the court finds that considering the representations in the government's briefs without holding an evidentiary hearing doesn't violate the Confrontation Clause.

Plus, the Eleventh Circuit has endorsed looking to both the indictment and the government's proffer in response to a motion to sever to determine whether joinder is proper. *See United States v. Dominguez*, 226 F.3d 1235, 1239–42 (11th Cir. 2000). Indeed, the Eleventh Circuit has said that only "[i]f the indictment fails to show and the prosecutor fails to proffer a sufficient basis in the expected evidence to justify joinder" should "a severance . . . be ordered." *Id.* at 1241. Further, "[t]he failure of the government to prove those facts at trial does not mean joinder was improper, provided that the allegations are made in good faith." *Id.* at 1241 n.8.

Here, there's nothing to suggest that the allegations provided in the government's proffer weren't made in good faith. So under *Dominguez* it was proper for the magistrate judge to consider the government's proffer in evaluating Defendants' motions to sever. Recognizing this, Dark attacks the validity of *Dominguez* by pointing to earlier Eleventh Circuit precedent and

3

the Supreme Court's more recent Confrontation Clause cases, including *Crawford v. Washington*, 541 U.S. 36 (2004).

But in *Dominguez* the Eleventh Circuit found that district courts could consider government proffers when ruling on a motion to sever "with full awareness that this Court has repeatedly said that whether joinder is proper under Rule 8 is to be determined by examining the allegations in the indictment alone." *Dominguez*, 226 F.3d at 1240. The court then explained that the "indictment only" rule applies only when evidence at trial suggests that joinder was improper "even though under the allegations of the indictment alone joinder would have been *proper*." *Id.* It doesn't apply when the government's proffer establishes a "basis in the expected evidence to justify joinder." *Id.* at 1241. Though Dark disagrees with this reasoning, this court cannot overrule a binding decision from the Eleventh Circuit. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). And Dark hasn't shown that anything in *Crawford* or the Supreme Court's other more recent Confrontation Clause cases have undermined the validity of the procedure endorsed in *Dominguez*. So the rule that courts can look to a proffer from the government to see if the expected evidence supports joinder remains good law.

In short, the magistrate judge employed the appropriate procedure when he considered both the indictment and the government's proffer to determine that joinder was proper. So the court **OVERRULES** the objection that the magistrate judge should have held an evidentiary hearing before considering the government's proffer.

### B. Substantive Arguments

Both Dark and Spencer's objections also challenge the magistrate judge's report on the merits. The court will address these arguments in turn.

1. <u>Dark</u>: In his objections, Dark asserts that the count charging him with conspiring to defraud Q.W. is misjoined with the other counts because the government hasn't argued that one illegal activity was the impetus for the other illegal activity in the indictment. As Dark points out, that the defendant submitted fraudulent income tax returns to conceal that he had derived his income from drug activity led the court in *Dominguez* to find that joinder was proper. *See Dominguez*, 226 F.3d at 1242.

4

But one crime being the impetus for other crimes alleged in the indictment isn't the only way for joinder to be proper. Instead, joinder of defendants is proper so long as "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). And this court "must construe Rule 8 broadly in favor of . . . initial joinder." *United States v. Montes-Cardenas*, 746 F.3d 771, 776 (11th Cir. 1984). As recounted in the magistrate judge's report, most of the charged conduct here stems from the alleged defrauding of Q.W. And the government alleges that Dark participated in fraudulently obtaining the funds from Q.W. some of which were later moved into bank accounts connected to Spencer and Porter. For the reasons explained by the magistrate judge, the court finds that there is enough of a connection between the conduct Dark is charged with and the other conduct alleged in the indictment. So the court **OVERRULES** this objection to the magistrate judge's report and recommendation.

2. <u>Spencer</u>: Spencer makes two arguments for why the court should sever the offenses charging Frazier with money laundering, structuring, and filing false tax returns from the charges against Spencer. According to Spencer, the only thing that ties the counts together is the Head of Game bank account. And Spencer asserts that because he wasn't the signatory on the Head of Game account or the Mom and Sons Towing account allegedly used to defraud the SBA there isn't an adequate connection between the charges against Frazier and the charges against Spencer.

The government alleges that Spencer is the one who introduced Q.W. to Frazier and Dark. The government also alleges that Frazier used the Head of Game account to commingle drug proceeds with the funds that Q.W. transferred to that account. And Frazier transferred some of Q.W.'s funds from the Head of Game account to Spencer and Porter who used those funds for their personal expenses. Porter, who is Spencer's mother, opened the Mom & Son's Towing account to hold the money from Q.W. and then allegedly later used that account to help her and Spencer receive fraudulent PPP loans. So the court agrees with the magistrate judge that Spencer "is directly connected to the alleged fraudulent activities of all three of his co-defendants." (Doc. 99 at 17). The court thus rejects Spencer's first argument for severance.

Spencer also challenges the magistrate judge's recommendation that the court deny his Rule 14 motion to sever. According to Spencer, even if the charges against him are properly joined with the charges against Frazier under Rule 8, the court should order different trials because there's a danger of a spillover effect prejudicing Spencer. The court agrees with the magistrate judge that it can mitigate potential prejudice from a spillover effect through limiting instructions. And as the magistrate judge noted, "it is relatively easy to separate out the *conduct* alleged in this case." (*Id.* at 14). So the court **OVERRULES** Spencer's substantive objections to the magistrate judge's report and recommendation.

*   *   *

In sum, having reviewed the entire record, including the magistrate's report, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation. So the court **DENIES** the motions to sever (docs. 80, 84, 87 & 92).

**Done** and **Ordered** on July 22, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE